**FILED**

AUG − 5 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

DUANE BERRY

Plaintiff,   *38742 Branham*
*Clinton Twp, MI  48033*

vs.

Case: 1:13-cv-01217
Assigned To : Sullivan, Emmet G.
Assign. Date : 8/5/2013
Description: Civil Rights/Non. Employ.

UNITED STATES DEPARTMENT OF JUSTICE

Defendant.

_____/

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

This is a complaint for a Declaratory and Injunctive Judgment for damages in connection with

the unprovoked attack on Plaintiff's 1st, 5th , and 6th Amendment Constitutional Rights and Civil

Rights by the Department of Justice in the unlawful handling of case #10-20653 and  #10-30046

(_UNITED STATES v. DUANE BERRY_) and Plaintiff's testimony to the UNITED STATES

SENATE.

RECEIVED
Mail Room

AUG − 5 2013

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## PARTIES JURISDICTION AND VENUE

Plaintiff is a resident of the Eastern District of Michigan and Defendant DOJ is an agency in the Executive Branch of the United States Government. The DOJ comprises several component agencies, including the United States Marshals Service ("Marshals Service"). This Court has subject matter jurisdiction over this action pursuant to [28 U.S.C. section 1331], [28 U.S.C. section 1343], and [28 U.S.C. section1361]. Venue is proper pursuant to the United States Code of Judicial Procedure [28 U.S.C. section 1391].

## STATEMENT OF FACTS

1. On February 05, 2010 a complaint was issued in the UNITED STATES DISTRICT COURT for the EASTERN DISTRICT of MICHIGAN for DUANE BERRY but was dismissed on December 01, 2010, case#10-30046. (see exhibit A)

2. In regards to that complaint, on June 10, 2010 at 5:30 PM via government transmission (From: SCHUFF, MATTHEW C (DE)(FBI), TO: MCDONALD, ROBERT S. (DE)(FBI)) the Defendant stated "Duane Berry is going to be our '*guinea pig*' ...through the media.  The Oakland Press and Fox2/Crime Stoppers will be seeking information....Should be interesting..."(see exhibit B)

3. On November 16, 2010, DUANE BERRY (Plaintiff), was arraigned in the EASTERN DISTRICT COURT of MICHIGAN on one count of "*Obstruction of Justice* "and one count of " *False Statements* ".(see exhibit C)

4.  However, on November 17, 2010 a detention hearing was held, and an Order of
    Detention pending trial was entered for DUANE BERRY (Plaintiff).(see exhibit D)

5.  On July 29, 2011 via government transmission [Christopher.Varner@usdoj.gov to
    Cseikaly@amertich.net] Assistant United States Attorney Christopher L. Varner of the
    Department of Justice, "CONFESSED" and "APOLOGIZED" to
    "*Counterfeiting/Forgery*" (violation of 18 U.S.C section 505) of official government
    documentation "Stipulation Order to Continue" in the handling of case #10-
    20653(*UNITED STATES v. BERRY*).(see exhibit E)

6.  Furthermore, in that transmission in the Artifice and Scheme to Defraud the UNITED
    STATES and render Plaintiff under unlawful restraint, the Defendant also admits to
    knowingly and willingly submitting such **FRAUDULENT** documents to the Clerk of the
    Courts office on July 26, 2011 using the ECF system.(see exhibit E)

7.  Finally, during that email transmission, the Defendant then solicits and conspires with
    Plaintiff's defense counsel, Christopher Seikaly, to help aid and abet Defendant facilitate
    the scheme to conceal such crimes from the UNITED STATES Judicial Branch of
    Government stating "I needed more time…I thought we were in agreement."

8.  Pursuant to 18 U.S.C. section 4, Plaintiff began to contact several superior Courts,
    agencies, and departments locally and in Washington because of Defendants'
    misconduct.

9.  On February 07, 2012 the UNITED STATES SENATE officially responded and
    confirmed the Defendant's criminal actions and misconduct under color of law, and also
    naming Plaintiff a Federal Victim/Witness, required to report and testify said crimes and

other crimes committed by the Department of Justice in a FEDERAL CORRUPTION INVESTIGATION led by the Legislative Branch of government. (see exhibit F)

10. On April 16, 2012 the *Communications and Law Enforcement for the United States Attorneys* in Washington responded and confirmed by official notification and also assisted and directed Plaintiff on proper procedure for the administration of justice on behalf of the Defendants' misconduct.

11. On May 01, 2012, Judge Patrick Duggan, presiding judge of case admitted for the record in open court that he knowingly and willingly conspired with the Defendant to hide, conceal, aid and abet the criminal and fraudulent misconduct of the Department of Justice in the handling of case#10-20653.(see exhibit G)

12. He further stated "I DON'T CARE HOW LONG IT TAKES THEM TO INVESTIGATE US!...", referring to the ongoing criminal investigation conducted by the UNITED STATES SENATE.(see exhibit G)

13. On September 19, 2012, while in custody without counsel present, Plaintiff was interrogated, harassed, and intimidated in an *"off the record"* private meeting at the Theodore Levin Federal Building in Detroit into informing Defendant of every agency, department, and Court in Washington that Plaintiff had notified of their misconduct and to not further communicate anything else to them.

14. On September 06, 2012, directly before that incident, the SUPREME COURT filed Plaintiff's notarized affidavit to them warning them of the Defendants' obstruction of justice in regards to communications and fillings with that COURT and concern for Plaintiffs safety if Plaintiff continued to lawfully communicate with them. (see exhibit H)

15. On January 4, 2013, because of his actions, a judicial misconduct investigation by the 6th Circuit Court of Appeals was initiated against Judge Patrick J. Duggan, and on February 21, 2013 an order was issued reassigning the case from Judge Patrick J. Duggan to Judge Gershwin A. Drain in case# 10-20653.(see exhibit I)

16. As of June 27 2013, AUSA Varner also has an open investigation with the Attorney Grievance Commission for the revocation of his license and disciplinary sanctions. (see exhibit J)

17. And on March 27, 2013, replacement judge Gershwin A. Drain ruled accordingly condemning the criminal misconduct on behalf of the Department of Justice taking punitively measures against them and finally releasing the Plaintiff from unlawful incarceration stating:

"The Government has known for more than a year and a half that a **FRAUDULENT** "ends of justice" Has been committed and the Government demonstrated bad faith in bringing this matter to   a resolution, strongly suggests a likely due process violation has occurred.

Here, it is undisputed that Defendant never authorized or consented to the continuance, and after he asked two of his attorneys to file a motion with the court to correct the error and each refused, he was forced to file an Affidavit for Judicial Notice *pro se* complaining of the **FRAUD** upon the Court.

Thus, the Government asks that it be permitted a further continuance to file a motion before Judge Duggan to enter orders excluding the STA clock between February 3, 2011 and March 29, 2011 under 18 U.S.C. section 3161(h)(7)(A). The Court declines to permit yet another continuance in this matter.

Defendant counters that the Government's conduct in allowing a **FRUADULENT** stipulation to stand uncorrected for so long weighs heavily in favor of dismissal with prejudice. The Court agrees with Defendant. The prejudice is severe in this case and the Government must be deterred to ensure future compliance with the Act as required by *United States v. Robinson*,389 F. 3d 582 (6ᵗʰ Cir. 2004); *see also United States v. Anders*, 14 F.3d 602 (6ᵗʰ Cir. 1993); *United States v. Koory*, 20 F.3d 844, 848 (8ᵗʰ Cir. 1994) ("Where a violation of the Act is substantial, the government's negligent failure to comply with the Act may justify dismissal with prejudice.");*Taylor*, 487 U.S. at 339 ("[A] truly neglectful attitude on the part of the Government reasonably could be factored against it in a court's consideration of this issue. . . ."). Contrary to the Government's arguments, the Government has demonstrated a pattern of bad faith in this matter. Here, the conduct of the Government in submitting a **FALSE** stipulation for continuance could be considered negligent. However, the fact that the Government waited nearly twenty months to inform the Court that the stipulation was not in fact consented to demonstrates more than mere negligence or an isolated unwitting violation on the part of the Government, rather it establishes egregious bad faith conduct… Here, there is evidence of bad faith and a pattern of neglect on the part of the Government, coupled with the presumptive prejudice resulting from Defendant's unlawful detention for a year. Further, the Court would be remiss to ignore the fact that Defendant has been detained pending trial for nearly two and a half years. This length of pretrial detention, along with the Government's demonstrated bad faith in bringing this matter to a resolution, strongly suggests a likely due process violation has occurred.

To determine whether a term of pretrial detention has become constitutionally infirm, the Court must consider certain factors, including, but not limited to, the length of the detention and the extent of the prosecution's responsibility for the delay of the trial. *See United States v. Watson*, No. 11-2338, 2012 U.S. App. LEXIS 7502, *9 (6th Cir. April 13,2012) (citing *United States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000). The above consideration therefore compel this Court to conclude that this factor likewise favors dismissal with prejudice.

Accordingly, based on the above analysis, the Third Superseding Indictment is **DISMISSED** with prejudice." **SO ORDERED**. {citing United States v Berry, No 10-20653, 6th Cir. March 27, 2013}(see exhibit K)


### *Fallout and Aftermath*

18. The reality of Plaintiffs' life stands in stark contrast to the absurd caricature the Defendant has wrongfully and improperly painted of him.

19. Plaintiff was an acquisitions and mergers investor in gold and commodities prior to the unprovoked assault on Plaintiff's Constitutional rights ultimately resulting in his unconstitutional 2 ½ year pre trial detention by the Defendant.

20. As a direct result of the attacks on Plaintiff's rights and freedoms, his funding project and joint venture project with Excalibur Resorts International, in the gold acquisition of HERO CLAIMS MINE was severed and destroyed, causing the cancellation of a direct deposit into Plaintiff's account from foreign investment colleague, Prime Consulting Alliance of London, amounting to a loss of $200,000,000.00 (TWO HUNDRED MILLION EURO) into Plaintiffs bank account.

26. On or about July 29, 2011 Defendant knowingly, willingly, intentionally and/or recklessly engaged in the aforementioned devices, schemes, and artifices to defraud the Judicial Branch of the United States Government by forging an official signature.

27. While engaging in the course of professional conduct described above, Defendant acted with scienter, that is, with the intent to deceive, manipulate or defraud with reckless regard for the truth.

28. By reason of the foregoing Defendant, directly and indirectly, have violated [ 18 U.S.C. section 505 ]

29. The fact that Defendant was able to use modern means of technology to reproduce signature is sufficient for violation of 18 U.S.C. section 505. (*see United States v. London 1983*)

## SECOND CAUSE OF ACTION – CONSPIRACY TO DEFRAUD

### AGAINST DEFENDANT DEPARTMENT OF JUSTICE
### Violation of 18 U.S.C. section 371

30. Plaintiff repeats and reallege the allegations contained in paragraphs 1 through 17 inclusive.

31. On or about July 26, 2011 Defendant knowingly and willingly submitted the counterfeit document electronically to the Clerk of the Courts Office utilizing the Courts ECF system.

32. Defendant engaged in fraudulent practices during the course of business and did operate in deceit as more particularly described above.

33. By reason of the foregoing, Defendant directly and indirectly, knowingly and willingly conspired with others to conceal the offense to defraud the Judicial Branch of the United States Government in violation of [18 U.S.C. section 371].

### THIRD CAUSE OF ACTION – CONSPIRACY AGAINST RIGHTS

### AGAINST DEFENDANT DEPARTMENT OF JUSTICE
#### Violation of 18 U.S.C. section 241

34. Plaintiff repeats and reallege the allegations contained in paragraphs 1 through 17 inclusive.

35. From at least February 2010 to the present, Defendants, directly and indirectly engaged in a scheme to conspire to injure, oppress, threaten, or intimidate Plaintiff in the free exercise or enjoyment of rights and privileges secured to him by the Constitution or laws of the United States;

a.) Defendant knowingly and willingly conspired to oppress Plaintiff using him as a '*guinea pig*' ...through the media to unfairly label Plaintiff as the FBI's ten most wanted to only indict on an "*Obstruction of Justice*" and "*False Statement*". Two allegations that innately merit no jail time at all, then to turn around and dismiss and illegally supersede with several unrelated unlawful indictments.

b.) Defendant knowingly and willingly counterfeited and forged official government documentation to deprive Plaintiff of his right to Due Process of law secured to him by the Constitution and conspired with others to do the same.

c.) Defendant knowingly and willingly deprived Plaintiff to a fair and speedy trial secured to him by the Constitution and conspired with others to do the same.

d.) Defendant used intimidation to obstruct justice, thus attempting to prevent Plaintiffs
testimony to superior authorities, departments, agencies, and or Courts using fear tactics
and harassment.

e.) Defendants knowingly, intentionally, and/or recklessly engaged in the
aforementioned devices, schemes and artifices to defraud, made untrue statements
of material facts and omitted to state material facts, and engaged in fraudulent acts,
practices and courses of business. In engaging in such conduct, Defendants acted
with scienter, that is, with an intent to deceive, manipulate or defraud or with a
severely reckless disregard for the truth.

36. By reason of the foregoing Defendant, directly and indirectly, have violated [ 18 U.S.C.
section 241 ]

## FOURTH CAUSE OF ACTION – DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

### AGAINST DEFENDANT DEPARTMENT OF JUSTICE
### Violation of 18 U.S.C. section 242

37. Plaintiff repeats and reallege the allegations contained in paragraphs 1 through 17
inclusive.

38. From at least February 2010 to the present, Defendant, directly and indirectly used power
given to him or her by a Federal governmental agency to willfully deprive or conspire to
deprive Plaintiff his rights protected to him by the Constitution or laws of the United
States.

39. On March 27, 2013, the United States District Court has ruled that the Defendant has
known for more than a 1 ½ years that they have committed fraud against the Court but
yet has not informed that Court or any superior department or agency.

40. Furthermore, as recently as April 2013, even after the case #10-20653 has been dismissed by the United States District Court for more than a month, Defendant has not contested the findings of the Court but has continued to antagonize Plaintiff by filing frivolous motions in a malicious attempt to intimidate Plaintiff from furthering his testimony to the UNITED STATES SENATE.

41. Pursuant to 28 U.S.C. section 514 when Defendant is the head of an executive department or agency is of the opinion that the interests of the United States require the service of counsel on the examination of any witness concerning any claim, or on the legal investigation of any claim, pending in the department or agency, he shall notify the Attorney General, giving all facts necessary to enable him to furnish proper professional service in attending the examination or making the investigation, and the Attorney General shall provide for the service.

42. Defendant has lawfully failed to do such, and these criminal acts under color of law include acts beyond the bounds or limits of lawful authority.

43. By reason of the foregoing Defendant, directly and indirectly, have violated [ 18 U.S.C. section 242 ]


**FIFTH CAUSE OF ACTION – DEFAMATION OF CHARACTER WHICH RESULTED IN SUBSTANTIAL HARM AND EMBARRASSMENT**

**AGAINST DEFENDANT DEPARTMENT OF JUSTICE**

44. Plaintiff repeats and reallege the allegations contained in paragraphs 1 through 42 inclusive.

45. Upon information and belief Defendant made defamatory statements concerning Plaintiff in a malicious an evil attempt utilizing national news media (television, newspaper, and internet) to intentionally ruin Plaintiffs' business affairs and livelihood.

46. Defendant used this tactic and unfairly labeled Plaintiff as the FBI's ten most wanted to only indict on an "*Obstruction of Justice*" and "*False Statement*". Two allegations that innately merit no jail time at all.

47. Defendant acted intentionally and willfully, but at least with negligence, in their perverse attempt, as they stated, to use Plaintiff as a "'*guinea pig*' ...through the media", then finally coupled that with more than 2 ½ years of unlawful pretrial detention.

48. As a direct and proximate result of Defendants' actions making and causing to be published such defamatory statements, Plaintiff have suffered grave injury, including but not limited to emotional trauma, loss of reputation, revocation of a potentially once in a lifetime business deal, lost or jeopardized present and future financial opportunities, public relations and attorneys fees, and permanent association with a national scandal based on being labeled as the FBI's ten most wanted.

49. By reason of the foregoing Defendant, directly and indirectly, and in agreement with the United States District Court ruling on March 27, 2013, has made no effort on its own to correct such issues, this "demonstrates more than mere negligence or an isolated unwitting violation on the part of the Government, rather it establishes egregious bad faith conduct... Here, there is evidence of bad faith and a pattern of neglect on the part of the Government, coupled with the presumptive prejudice resulting from Defendant's unlawful detention."

50. Furthermore, such malicious actions give rise to claim pursuant to [18 U.S.C. section 241].

### SIXITH CAUSE OF ACTION – VIOLATION OF EXERCISE OF RIGHTS GAURANTEED BY THE FIRST AMENDMENT

### AGAINST DEFENDANT DEPARTMENT OF JUSTICE

51. Plaintiff repeats and reallege the allegations contained in paragraphs 1 through 17 inclusive.

52. From at least September 19, 2012 to present Defendants have intimidated, harassed, and acted in behavior intended to disturb or upset, and that has been characteristically repetitive. In the legal sense, this intentional behavior has been found threatening and disturbing to Plaintiff.

53. The first incident on September 19, 2012, was when Plaintiff was interrogated by two United States marshals at the Federal building and threatened not to invoke his 1st Amendment right and inform the Courts or anyone else of Defendants misconduct but to only send correspondences to the marshals directly. One who identified herself as Deputy Sullivan and the other which remained nameless.

54. Plaintiff responded by stating to Defendant that his Constitutional rights were being violated and that the right to access the Courts for redress or grievance is one protected by the 1st Amendment.

55. Pursuant to 18 U.S.C section 3053 United States marshals and their deputies may only carry firearms and may make arrests without warrant for any offense against the United States committed in their presence, or for any felony cognizable under the laws of the

United States if they have reasonable grounds to believe that the person to be arrested has committed or is committing such felony.

56. Defendant made it clear that there was no presence of any felony being committed, as evident by attempting to bribe Plaintiff by asking him what is it that he wanted them to do for him, and also by not taking the proper channels to charge Plaintiff with any offense, then furthermore by not officially documenting the meeting in their attempt to cover the interrogation in a shroud of secrecy, while Plaintiff was already in Federal custody.

57. Defendants only objective were to obstruct and impede on Plaintiffs free exercise of his 1st Amendment right.

58. Pursuant to [18 U.S.C. section 3771] Plaintiff has the following rights:

(a) The right to be reasonably protected from the accused.

(b) The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.

(c) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

(d) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.

(e) The reasonable right to confer with the attorney for the Government in the case.

(f) The right to full and timely restitution as provided in law.

(g) The right to proceedings free from unreasonable delay.

(h) The right to be treated with fairness and with respect for the victim's dignity and privacy.

59. Defendants actions coupled with the recent and more subtle approaches of antagonism by filing frivolous motions in an attempt to intimidate Plaintiff and implement fear to prevent his testimony to the UNITED STATES SENATE has caused Plaintiff continued substantial emotional distress.

60. By reason of the foregoing Defendant, directly and indirectly, have violated [18 U.S.C. section 3771] and Plaintiffs' 1st Amendment rights.

## SEVENTH CAUSE OF ACTION – VIOLATION OF EXERCISE OF RIGHTS GAURANTEED BY THE SIXTH AMENDMENT

### AGAINST DEFENDANT DEPARTMENT OF JUSTICE

61. Plaintiff repeats and reallege the allegations contained in paragraphs 1 through 17 inclusive.

62. Plaintiff is in agreement with the United States District Court ruling on March 27, 2013 that Plaintiffs' Speedy Trial rights guaranteed to him by the 6th Amendment were clearly violated by Defendant…. "The Court agrees with Defendant. The prejudice is severe in this case and the Government must be deterred to ensure future compliance with the Act as required by *United States v. Robinson*,389 F. 3d 582 (6th Cir. 2004); *see also United States v. Anders*, 14 F.3d 602 (6th Cir. 1993); *United States v. Koory*, 20 F.3d 844, 848 (8th Cir. 1994)"

63. The 6th Amendment states that Plaintiff "shall enjoy the right to a speedy and public trial…and have the assistance of counsel…."

64. Defendants knowingly, intentionally, and/or recklessly engaged in the

aforementioned devices, schemes and artifices to defraud and to deprive Plaintiff of this

right with a reckless disregard for the truth.

65. By reason of the foregoing Defendant, directly and indirectly, have violated 18 U.S.C

section 3161 and Plaintiffs'6th Amendment rights.

### EIGHTH CAUSE OF ACTION – VIOLATION OF EXERCISE OF RIGHTS GAURANTEED BY THE FIFTH AMENDMENT

### AGAINST DEFENDANT DEPARTMENT OF JUSTICE

66. Plaintiff repeats and reallege the allegations contained in paragraphs 1 through 64

inclusive.

67. Plaintiff is also in agreement with the United States District Court ruling on March 27,

2013 that Plaintiffs' Due Process of law that was guaranteed to him by the 5th

Amendment were clearly violated by Defendant and their actions were firmly

unconstitutional…. "This length of pretrial detention, along with the Government's

demonstrated bad faith in bringing this matter to a resolution, strongly suggests a likely

due process violation has occurred. To determine whether a term of pretrial detention has

become constitutionally infirm, the Court must consider certain factors, including, but not

limited to, the length of the detention and the extent of the prosecution's responsibility

for the delay of the trial. *See United States v. Watson*, No. 11-2338, 2012 U.S. App.

LEXIS 7502, *9 (6th Cir. April 13,2012) (citing *United States v. El-Hage*, 213 F.3d 74,

79 (2d Cir. 2000). The above consideration therefore compel this Court to conclude that

this factor likewise favors dismissal with prejudice."

68. Defendants' conduct  violated clearly established statutory or constitutional rights of

which a reasonable person would have known and Defendants acted intentionally and/or

willfully in the violation of Plaintiff's 5th Amendment right to equal protection of the law.

69. The 5th Amendment protects against abuse of government authority in a legal procedure.

70. By reason of the foregoing Defendant, directly and indirectly, have violated Plaintiff's 5th Amendment rights.

### **PRAYER FOR RELIEF**

The 5th and 6th Amendment protects citizens and allows them Due Process of law and a right to a speedy trial. The law is clear in this matter. Plaintiff was entitled to be protected from any substantial harm resulting from unfairness to him in any way, shape, form, or fashion as a direct result of Defendant's violation of those rights.

The law of the United States simply does not permit the government, either its officials, judges, or court officers to make up their own rules as they go along.

It has been clearly established by the EASTERN DISTRICT COURT of MICHIGAN on March 27, 2013 that Plaintiff has suffered a severe prejudice along with emotional, and mental suffering, on behalf of Defendant, with an excessive 2 ½ years of pre-trial incarceration.

Accordingly, this suit seeks to not only vindicate Plaintiff's legal rights, but to help restore his reputation, financial stability, and otherwise make him whole, but to also deter Defendants from abuse of power and such egregious violations and intentional criminal misconduct in the future.

As it is as much the duty of Government to render prompt justice against private individuals in favor of citizens, it is also that same duty to administer justice against itself!

WHEREFORE, Plaintiff respectfully prays for :

**I.**

Order Defendants to issue a formal apology to Plaintiff for the violations of his 5th and 6th Amendment Constitutional rights.

**II.**

An order granting Plaintiff compensatory and consequential damages for loss of partnership profits, loss of wages, pain and suffering, directly caused by the violation of his Constitutional and Civil rights by the Defendant in the amount of $250,000,000.00 (TWO HUNDRED FIFTY MILLION USD)

**III.**

An injunctive order against Defendant granting Plaintiff the right to exercise his 1st Amendment Right and pursuant to 18 U.S.C. 3771(a)(1)(7) to further testify the criminal violations to the UNITED STATES SENATE, as authorized by law, free from harassment, threat, intimidation, or unreasonable delay, and the right to be reasonably protected.

**IV.**

An order granting Plaintiff recovery all costs in this suit.

**V.**

Such other and further relief as this Court may deem just, equitable, and

appropriate in connection with the enforcement of Federal Statues and Constitutional laws.

**<u>JURY DEMAND</u>**

Plaintiffs hereby demands a trial by jury.

## VERIFICATION

I, DUANE L. BERRY, declares as follows,

1. I have personal knowledge of the facts set out in the foregoing Verified Complaint.

2. I verify under penalty of perjury of the laws of the United States of America that the factual

statements in the Complaint concerning myself and my activities are true and correct.


Executed on J̲u̲l̲y̲ ̲2̲7̲ , 2013



                                                                    DUANE L. BERRY