**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| DUANE BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 13-1217 (EGS) |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Duane Berry, proceeding *pro se*, has brought an action for declaratory and injunctive relief, as well as compensatory damages, against the United States Department of Justice (hereinafter "DOJ" or "Government") for misconduct arising out of a criminal prosecution in the Eastern District of Michigan. Plaintiff alleges violations of his rights pursuant to the First, Fifth, and Sixth Amendments of the United States Constitution. Compl. at 1. On December 26, 2013, after the Government failed to respond to his complaint, Mr. Berry filed a Motion for Default Judgment seeking $250,000,000 for lost wages and partnership profits, and any other punitive damages that the Court deems proper. On April 14, 2014, the Court ordered Mr. Berry and the Government to show cause why the case should not be transferred to the United States District Court for the Eastern District of Michigan, where the conduct described in

1

Plaintiff's Complaint appears to have arisen.  Plaintiff filed a response to the Court's order on April 30, 2014, arguing that this case is properly before this Court.  Defendant filed its Response on May 12, 2014, arguing that the case should be transferred to the Eastern District of Michigan.  Upon review of the parties' responses, the applicable law, and the entire record, the Court will **TRANSFER** this action to the United States District Court for the Eastern District of Michigan.

I. **BACKGROUND**

On November 16, 2010, Duane Berry was charged in a two count indictment with obstruction of justice and false statements in the United States District Court for the Eastern District of Michigan.  Compl. at 2; *see United States v. Duane Berry*, No. 2:10-cr-20653-GAD-RSW-1 (E.D. Mich.)  These charges were ultimately dismissed in an Order dated March 27, 2013, after Mr. Berry had been detained pending trial for nearly two and a half years.  Compl. at 5.  The federal prosecutors in that case submitted a false stipulated motion in August 2011 claiming that they had the consent of Mr. Berry's attorney to continue the trial while the parties engaged in plea negotiations.  *Berry v. Sullivan*, 2013 U.S. Dist. LEXIS 64665, at *3-*4 (E.D. Mich. May 7, 2013) (explaining, in an action filed by Mr. Berry against a United States Marshal, the relevant background of the underlying criminal case and dismissal).  The prosecutors

involved eventually admitted that there had been a miscommunication between the parties, and that they had not received consent from defense counsel for the continuance. *Id.* at \*2-\*3. Before the case was dismissed, Mr. Berry asked two separate defense attorneys to file a motion with the court to correct what he believed was a deliberate error, but both refused. *Id.* at \*4. In dismissing the case, the court explained that the length of Mr. Berry's pretrial detention, as well as the Government's demonstrated bad faith in bringing his matter to a resolution, suggested a due process violation that warranted dismissal of the charges against him. *Id.*

While he was in custody, Mr. Berry claims to have reported the alleged misconduct of the Assistant United States Attorneys involved in the criminal action to the United States Senate, the Office of the General Counsel of the Administrative Office of the United States Courts, the United States Supreme Court, and other federal agencies and officials. Pl.'s Show Cause Mem. at 4-6. Mr. Berry alleges that the Government then retaliated against him in a number of ways, including: (1) using deceptive tactics and conspiring with his counsel to submit counterfeit documents in an effort to obtain a superseding indictment; (2) harassing and intimidating him by using "unlawful interrogations;" and (3) transferring him "from facility to facility without warning." *Id.* at 6-8. As a result of this

retaliation, Mr. Berry claims to have ceased communications with the agencies he had contacted to report the alleged misconduct by Assistant United States Attorneys in his criminal case. *Id.* Mr. Berry also alleges that after the criminal case against him was dismissed, the Government continued to harass him by filing frivolous motions to deter him from testifying in a federal corruption investigation before the United States Senate. Compl. at 11. Mr. Berry further alleges that the Government conspired with Bank of America to track his business transactions and financially disable him. Motion for Default Judgment at 10.

In addition to the instant matter, Mr. Berry has filed four other civil cases arising out of these alleged facts. *See* Def.'s Show Cause Mem. at 2. All of his previous cases were brought in the United States District Court for the Eastern District of Michigan. Of those, three were brought against federal officials alleging various constitutional and statutory violations and were dismissed. *Id.*

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." In so doing, the district court has discretion to transfer a case based on an

"'individualized case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *see also Demery v. Montgomery County*, 602 F. Supp. 2d 206, 210 (D.D.C. 2009) ("Because it is perhaps impossible to develop any fixed general rules on when cases should be transferred[,] . . . the proper technique to be employed is a factually analytical, case-by-case determination of convenience and fairness.") (internal quotation marks omitted). The moving party bears the burden of establishing that transfer of the action is proper. *Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 71 (D.D.C. 2005); *see also SEC v. Savoy Indus., Inc.*, 587 F.2d 1149, 1154 (D.C. Cir. 1978) (noting that the district court's denial of a motion to transfer "was effectively a ruling that [the appellant] had failed to shoulder his burden").

In order to justify a transfer, defendants must make two showings. First, they must establish that the plaintiff could have brought suit in the proposed transferee district. *Devaughn*, 403 F. Supp. 2d at 71-72; *Trout Unlimited v. United States Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). Second, defendants must demonstrate that considerations of convenience and the interests of justice weigh in favor of a transfer. *Devaughn*, 403 F. Supp. 2d at 72; *Trout Unlimited*, 944 F. Supp. at 16.

## III. DISCUSSION

Plaintiff argues that venue is proper in the District of Columbia because "a substantial part of the events giving rise to the claim occurred in response or lack thereof by Defendant's Washington, DC office." Pl.'s Show Cause Mem. at 3. Further, he argues that he would suffer "Severe Prejudice" by Defendant and its conspirators if this case is transferred to the Eastern District of Michigan. *Id.* at 2. The Government argues that the case should be transferred because "Plaintiff Duane Berry could have brought this case" in the Eastern District of Michigan and "the operative facts supporting his claims occurred in that judicial district." Def.'s Show Cause Mem. at 1.

As an initial matter, the Court agrees that Plaintiff could have brought this action in the Eastern District of Michigan. Pursuant to 28 U.S.C. § 1391(e), "[a] civil action in which a defendant is . . . an agency of the United States . . . may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant to the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . or (C) the plaintiff resides if no real property is involved in the action."

Significantly, Mr. Berry does not dispute that this action could have been brought in the Eastern District of Michigan. He notes that he resides in Clinton Township, Michigan, which is

6

within the Eastern District of Michigan. Compl. at 1. Because the instant action involves issues of federal law, all federal courts have subject matter jurisdiction over the claims Mr. Berry has raised. *See* 28 U.S.C. § 1331. Accordingly, the Court finds that this action could have been brought in the Eastern District of Michigan.

### A. Private Interest Factors

The private interest factors the Court will consider in deciding whether to transfer an action include, *inter alia*: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that witnesses may be unavailable in one fora; and (6) the ease of access to sources of proof. *See Spurlock v. Lappin*, 870 F. Supp. 2d 116, 122 (D.D.C. 2012) (citing *Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996)).

Mr. Berry argues that the Court should accept his choice of forum because he would not be treated fairly in the Eastern District of Michigan. According to Mr. Berry, he has been subject to "retaliatory and prejudicial behavior committed by Defendant in the United States District Court for the Eastern District of Michigan," and that treatment has "severely

7

prejudiced" his ability to assert his constitutional rights in that forum. Pl.'s Show Cause Mem. at 11. He claims that the court, as a whole "has openly admitted to prejudicing the Plaintiff and has consistently and unapologetically demonstrated their unwillingness to corporate [*sic*] with the lawful process . . . in the execution of Due Process of Law." *Id.*

The Government argues that the Eastern District of Michigan is a more appropriate forum because "aside from the Department of Justice's headquarters being in this district, all of the controversies underlying Plaintiff's Complaint lack any ties to the District of Columbia." Def.'s Show Cause Mem. at 5; *see generally Berry v. Sullivan*, 2013 WL 1898365 at *1-2. Additionally, the Government argues that witnesses and other evidence are all are located in the Eastern District of Michigan. Def.'s Show Cause Mem. at 6. The Government also points to the fact that Mr. Berry has filed four civil actions in the Eastern District of Michigan arising out of the same set of facts as further evidence that this case should have been brought in that district. *Id.* at 5.

The Court agrees. Despite Mr. Berry's conclusory allegations about the prejudice he would suffer if forced to litigate in the Eastern District of Michigan, he fails to provide any actual details about the alleged prejudicial behavior of the court. Indeed, the facts of the underlying

8

criminal case, and the four civil actions Mr. Berry has since filed, belie his assertions. A judge in the very court he claims is so prejudicial as to be unable to give him a fair opportunity to be heard dismissed the criminal case and condemned the conduct of the Assistant United States Attorneys prosecuting that case. Pl.'s Show Cause Mem. at 9. Thus, the Court finds that Plaintiff's choice of forum, under these circumstances, is entitled to very little deference. *See Ferens v. John Deere Co.*, 494 U.S. 516, 525 (1990) (explaining that "the decision to transfer venue under § 1404(a) should turn on consideration of convenience and the interest of justice rather than on the possible prejudice").

Nor do Mr. Berry's arguments regarding the response or lack of response by Defendant's Washington, D.C. office provide sufficient grounds for the Court to retain jurisdiction. Pl.'s Show Cause Mem. at 3. Plaintiff has failed entirely to address how the decisions made in the District of Columbia have given rise to the alleged misconduct. Such an insubstantial factual nexus between the case and this forum is simply not enough to sustain venue in this jurisdiction, especially "where the chosen forum is not the plaintiff's home forum." *New Hope Power Co. v. U.S. Army Corps. Of Eng'rs*, 724 F. Supp. 2d 90, 95 (D.D.C. 2010); *see generally Berry v. Sullivan*, 2013 WL 1898365 at *1-2. Moreover, deference to Mr. Berry's choice of forum is further

9

weakened where, as here, the transferee forum has "substantial ties" to both the plaintiff and "the subject matter of the lawsuit." *Trout Unlimited*, 944 F. Supp. at 17.

Given the inextricable links between this action and the criminal case, the Eastern District of Michigan is not only more appropriate, but would also be more convenient for the parties. All of the alleged misconduct by Defendant, both during and after Mr. Berry's criminal case, occurred in the Eastern District of Michigan. Pl.'s Show Cause Mem. at 4-7. The only tie to this District, as the Government notes, is that the Department of Justice is headquartered here, which is not sufficient, on its own, for this Court to maintain jurisdiction. *See Sheffer v. Novartis Pharmaceuticals*, 873 F. Supp. 2d 371, 376 (D.D.C. 2012) (transferring a case where the only tie to the District of Columbia was that the court had *in personum* jurisdiction over the defendant). Thus, the Court finds that the private interest factors support transfer of this action.

### B. Public Interest Factors

In addition to the private interest factors discussed above, the Court must also consider several public interest factors before transferring a case to another forum. These factors include: "1) the transferee's familiarity with the governing laws, 2) the relative congestion of each court, and 3) the local interest in deciding local controversies at home."

*Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 34 (D.D.C. 2008) (citing *Liban v. Churchkey Group II, L.L.C.*, 305 F. Supp. 2d 136, 143 (D.D.C. 2004)).

Here, both the District of Columbia and the Eastern District of Michigan have the requisite familiarity with the law and are equally able to resolve the present dispute. *See Montgomery*, 532 F. Supp. 2d at 34 (citing *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1175 (D.C. Cir. 1987)). In addition, there are also local interests in deciding the case in the transferee forum given that Plaintiff has accused "the federal prosecutors and the U.S. Marshals in the Eastern District of Michigan" of misconduct. Def.'s Show Cause Mem. at 8. Further, Mr. Berry has also filed four other cases relating to that misconduct in the transferee forum, suggesting that it may be more familiar with the facts and circumstances surrounding his claims. *See e.g., United States ex rel Westrick v. Second Chance Body Armor, Inc.*, 771 F. Supp. 2d 42, 46-47 (D.D.C. 2011) (declining to transfer a case to another forum because the Court was "familiar with the multiple issues and lengthy procedural history of the case, and [had] decided [defendants'] dispositive motions," and because it would have taken another court "a substantial amount of time to familiarize itself with the case"). Thus, because "[l]itigation of . . . related claims in the same forum is strongly favored," the

public interest factors weigh in favor of transfer as well. *Id.* (quoting *Islamic Republic of Iran v. Boeing Co.*, 477 F. Supp. 142, 144 (D.D.C. 1979)).

**IV. CONCLUSION AND ORDER**

The Court concludes that the interests of justice would be best served by transferring this case to the Eastern District of Michigan. Accordingly, it is hereby

**ORDERED** that, pursuant to 28 U.S.C. § 1404(a), the Clerk's Office is directed to **TRANSFER** this case to the United States District Court for the Eastern District of Michigan.

**SO ORDERED.**

**Signed:   Emmet G. Sullivan**
**          United States District Judge**
**          June 20, 2014**